THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIM MELINE, individually and as Personal
Representative of the Estate of ROBERT
MELINE,

                           Plaintiffs,

    v.

OPTUMHEALTH CARE SOLUTIONS,
INC., a for-profit Minnesota corporation;
JEFFREY FONG, individually; TRACI
DRAKE, individually; and SANDRA
KARLSVIK, individually,

                           Defendants.

Case No. 3:15-cv-05780-RBL

**DECLARATION OF BARBARA J. DUFFY IN SUPPORT OF OPPOSITION TO MOTION TO REMAND**

**NOTED ON MOTION CALENDAR: NOVEMBER 20, 2015**

I, Barbara J. Duffy, declare under penalty of perjury as follows:

1.    I am a Shareholder at Lane Powell, PC, attorneys for Defendant in the above-entitled action, I am over the age of majority and have personal knowledge of the facts stated herein and am competent to testify.

2.    Attached hereto as **Exhibit A** is a true and correct copy of the docket for the case captioned *Kim Meline, Individually and as the Personal Representative of the Estate of Robert Meline v. Comprehensive Life Resources f/k/a Comprehensive Mental Health, a Washington Corporation; State of Washington, Department of Social and Health Services; and Jonathan Meline*, currently pending in Pierce County Superior Court, Cause No.: 13-2-13022-5 (hereinafter "the State Court Action"). Plaintiff did not file a motion to amend her Complaint

DECLARATION OF BARBARA J. DUFFY IN SUPPORT OF
OPPOSITION TO MOTION TO REMAND - 1
NO. 15-05780 RBL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

115616.0044/6488598.1

in the State Court Action to add Jeffrey Fong, Ph.D., Traci Drake, Ph.D., and/or Sandra Karlsvik, M.D. as defendants.

3.      Attached hereto as **Exhibit B** is a true and correct copy of the Order Compelling Production of Healthcare and Mental Health Records dated February 14, 2014, entered in the State Court Action and correspondence from Plaintiff's counsel to Western State Hospital dated February 20, 2014.

4.      Attached hereto as **Exhibit C** is a true and correct copy of redacted excerpts from the Western State Hospital records for Jonathan Meline.  The content of the records has been redacted except the identity of the health care provider who authored the record in an effort to protect the confidentiality of a non-party's health care information.

5.      Attached hereto as **Exhibit D** is a true and correct copy of Plaintiff's Second Amended Complaint filed in the State Court Action.

6.      Attached hereto as **Exhibit E** is a true and correct copy of excerpts of DSHS's answers to Interrogatories and Requests for Production served in the State Court Action.

7.      Attached hereto as **Exhibit F** is a true and correct copy of excerpts of DSHS's Primary Witness Disclosure served in the State Court Action.

8.      Attached hereto as **Exhibit G** is a true and correct copy of excerpts of DSHS's Answer to Plaintiff's Second Amended Complaint filed in the State Court Action. Plaintiff did not file a motion to amend her Complaint in the State Court Action to add United Behavioral, Inc. and/or OptumHealth Care Solutions, Inc.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED this 16th day of November 2015.


*s/Barbara J. Duffy*
Barbara J. Duffy

DECLARATION OF BARBARA J. DUFFY IN SUPPORT OF
OPPOSITION TO MOTION TO REMAND - 2
NO. 15-05780 RBL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

00002      115616.0044/6488598.1

1
2

## CERTIFICATE OF SERVICE

3        Pursuant to RCW 9A.72.085, the undersigned certifies under penalty of perjury under

4    the laws of the State of Washington, that on the 16th day of November, 2015, the document

5    attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF

6    system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk of

7    the Court will send e-mail notification of such filing to the following persons:

8    John R. Connelly, Jr.
     Nathan P. Roberts
9    Connelly Law Offices, PLLC
10   2301 North 30th Street
     Tacoma, WA  98403
11   Email:  jconnelly@connelly-law.com
                 nroberts@connelly-law.com
12

13

14        Executed on the 16th day of November, 2015, at Seattle, Washington.

15

16                          *Janet Wiley*

17                          Janet Wiley, Legal Assistant

18

19

20

21

22

23

24

25

26

27

DECLARATION OF BARBARA J. DUFFY IN SUPPORT OF
OPPOSITION TO MOTION TO REMAND - 3

00003      115616.0044/6488598.1

# EXHIBIT A

**Pierce County Superior Court Civil Case 13-2-13022-5**

| | |
|---|---|
| Case Title: | KIM MELINE VS. JONATHAN MELINE |
| Case Type: | Tort - Other |
| Access: | Public |
| Track Assignment: | Standard |
| Jury Size: | 12 |
| Estimated Trial Length: | 12 day s |
| Dept Judge: | **17 RONALD E. CULPEPPER** |
| Resolution: | |
| Completion: | |

**Litigants**

| Name | | Type | Status |
|---|---|---|---|
| **MELINE, KIM** | | Plaintiff | |
| Attorneys for MELINE, KIM | Type | Bar Number | |
| **JOHN ROBERT CONNELLY JR** | Atty for Plaintiff/Petitioner | | 12183 |
| **Nathan Paul Roberts** | Atty for Plaintiff/Petitioner | | 40457 |
| **MELINE, ROBERT** | | Plaintiff | |
| Attorneys for MELINE, ROBERT | Type | Bar Number | |
| **JOHN ROBERT CONNELLY JR** | Atty for Plaintiff/Petitioner | | 12183 |
| **Nathan Paul Roberts** | Atty for Plaintiff/Petitioner | | 40457 |
| **MELINE, JONATHAN** | | Defendant | |
| **COMPREHENSIVE LIFE RESOURCES** | | Defendant | |
| Attorneys for COMPREHENSIVE LIFE RESOURCES | Type | Bar Number | |
| **JOAN KRISTINE MELL** | Atty for Defendant | | 21319 |
| **CHRISTOPHER W. KEAY** | Atty for Defendant | | 13143 |
| **Katherine Anne Bozzo** | Atty for Defendant | | 42899 |
| **DEPARTMENT OF SOCIAL AND HEALTH SERVICES** | | Defendant | |
| Attorneys for DEPARTMENT OF SOCIAL AND HEALTH SERVICES | Type | Bar Number | |
| **JOSEPH MICHAEL DIAZ** | Atty for Defendant | | 16170 |
| **SALLY BRIGGS LEIGHTON** | Atty for Defendant | | 12156 |

**Filings**

| Filing Date | Filing | Access | Pages | Microfilm |
|---|---|---|---|---|
| 09/25/2013 | FILING FEE RECEIVED $240.00 | Public | 0 | |
| 09/25/2013 | CASE INFORMATION COVER SHEET | Public | 1 | |
| 09/25/2013 | ORDER SETTING ORIGINAL CASE SCHEDULE | Public | 1 | |
| 09/25/2013 | SUMMONS | Public | 2 | |
| 09/25/2013 | COMPLAINT | Public | 3 | |
| 10/04/2013 | REASSIGNED TO DEPT 6 | Public | 1 | |
| 11/07/2013 | CONFIRMATION OF SERVICE PARTIES TO BE SERVED | Public | 1 | |
| 11/19/2013 | CONFIRMATION OF SERVICE | Public | 1 | |
| 11/19/2013 | SHERIFF'S RETURN ON SERVICE | Public | 1 | |
| 12/19/2013 | REASSIGNMENT LETTER | Public | 1 | |
| 01/07/2014 | NOTE FOR JUDGES MOTION CALENDAR | Public | 2 | |
| 01/07/2014 | MOTION FOR PROTECTIVE ORDER | Public | 6 | |
| 01/07/2014 | DECLARATION OF NATHAN P ROBERTS | Public | 8 | |
| 01/07/2014 | AFFIDAVIT/DECLARATION OF SERVICE | Public | 2 | |
| 01/08/2014 | MOTION FOR DEFAULT | Public | 2 | |
| 01/08/2014 | DECLARATION OF NATHAN P ROBERTS | Public | 4 | |
| 01/08/2014 | ORDER OF DEFAULT | Public | 2 | |
| 01/15/2014 | REASSIGNMENT LETTER | Public | 1 | |
| 01/17/2014 | LETTER FROM ATTORNEY | Public | 2 | |
| 01/24/2014 | CLERK'S MINUTE ENTRY | Public | 2 | |
| 02/06/2014 | NOTE FOR JUDGES MOTION CALENDAR | Public | 2 | |
| 02/06/2014 | NOTICE OF COMPULSORY PROCESS | Public | 2 | |
| 02/06/2014 | NOTICE OF COMPULSORY PROCESS | Public | 2 | |
| 02/06/2014 | AFFIDAVIT/DECLARATION OF SERVICE | Public | 2 | |
| 02/06/2014 | MOTION FOR PROTECTIVE ORDER *RENEWED* | Public | 1 | |
| 02/06/2014 | AFFIDAVIT/DECLARATION OF SERVICE | Public | 2 | |
| 02/14/2014 | CLERK'S MINUTE ENTRY | Public | 2 | |
| 02/14/2014 | PROTECTIVE ORDER (RE: CONFIDENTIAL DISCOVERY DOCUMENTS, NOT RELATED) | Public | 2 | |

| | | | |
|---|---|---|---|
| 04/02/2014 | JURY DEMAND - 12 | Public | 1 |
| 04/02/2014 | LETTER FROM DEPARTMENT 11 | Public | 1 |
| 04/18/2014 | REASSIGNMENT LETTER | Public | 1 |
| 08/20/2014 | SUMMONS | Public | 2 |
| 08/20/2014 | AMENDED COMPLAINT | Public | 10 |
| 08/26/2014 | AFFIDAVIT/DECLARATION OF SERVICE | Public | 2 |
| 08/28/2014 | NOTICE OF APPEARANCE | Public | 1 |
| 10/01/2014 | NOTICE OF APPEARANCE | Public | 2 |
| 10/21/2014 | SUMMONS | Public | 2 |
| 10/21/2014 | AMENDED COMPLAINT | Public | 11 |
| 10/29/2014 | AFFIDAVIT/DECLARATION OF SERVICE | Public | 2 |
| 10/29/2014 | NOTICE OF APPEARANCE | Public | 3 |
| 11/03/2014 | ANSWER TO SECOND AMENDED COMPLAINT | Public | 7 |
| 11/14/2014 | ANSWER AND AFFIRMATIVE DEFENSE | Public | 10 |
| 11/17/2014 | NOTE FOR JUDGES MOTION CALENDAR | Public | 2 |
| 11/17/2014 | AGREED MOTION TO CHANGE TRIAL DATE | Public | 2 |
| 11/26/2014 | NOTICE OF ABSENCE/UNAVAILABILITY | Public | 2 |
| 12/03/2014 | NOTICE OF ABSENCE/UNAVAILABILITY | Public | 3 |
| 12/10/2014 | DECLARATION OF CHRISTOPHER KEAY | Public | 2 |
| 12/16/2014 | DECLARATION OF JOSEPH DIAZ | Public | 3 |
| 12/19/2014 | NOTICE OF ABSENCE/UNAVAILABILITY | Public | 2 |
| 01/08/2015 | NOTE FOR JUDGES MOTION CALENDAR | Public | 2 |
| 01/08/2015 | MOTION TO CONTINUE TRIAL DATE | Public | 3 |
| 01/08/2015 | DECLARATION OF JOSEPH M. DIAZ | Public | 3 |
| 01/16/2015 | ORDER AMENDING CASE SCHEDULE | Public | 2 |
| 01/16/2015 | ORDER FOR CONTINUANCE OF TRIAL DATE | Public | 4 |
| 02/27/2015 | NOTE FOR JUDGES MOTION CALENDAR | Public | 2 |
| 02/27/2015 | NOTE FOR JUDGES MOTION CALENDAR | Public | 2 |
| 02/27/2015 | MOTION FOR SUMMARY JUDGMENT | Public | 7 |
| 02/27/2015 | NOTICE OF ABSENCE/UNAVAILABILITY | Public | 3 |
| 03/05/2015 | NOTICE OF ASSOCIATION OF COUNSEL | Public | 3 |
| 03/23/2015 | DECLARATION OF CSABA HEGYVARY MD | Public | 9 |
| 03/23/2015 | RESPONSE IN OPPOSITION | Public | 13 |
| 03/23/2015 | STIPULATION RE ELECTRONIC SERVICE | Public | 3 |
| 03/25/2015 | NOTE FOR JUDGES MOTION CALENDAR | Public | 2 |
| 03/25/2015 | PLAINTIFFS' MOTION FOR CR 11 SANCTIONS | Public | 14 |
| 03/31/2015 | LETTER FROM DEPARTMENT 15 | Public | 1 |
| 03/31/2015 | REASSIGNED TO DEPT 15 | Public | 1 |
| 04/01/2015 | RESPONSE IN OPPOSITION TO MOTION | Public | 11 |
| 04/01/2015 | DECLARATION OF KATHERINE BOZZO | Public | 18 |
| 04/01/2015 | NOTICE OF ABSENCE/UNAVAILABILITY | Public | 3 |
| 04/01/2015 | LETTER FROM DEPARTMENT 2 | Public | 1 |
| 04/01/2015 | REASSIGNED TO DEPT 2 | Public | 1 |
| 05/07/2015 | NOTICE OF ABSENCE/UNAVAILABILITY | Public | 3 |
| 05/08/2015 | NOTICE OF ABSENCE/UNAVAILABILITY | Public | 2 |
| 05/13/2015 | NOTICE OF ABSENCE/UNAVAILABILITY | Public | 3 |
| 05/19/2015 | NOTE FOR JUDGES MOTION CALENDAR | Public | 2 |
| 05/19/2015 | MOTION FOR EXTENSION OF PROTECTIVE ORDER | Public | 6 |
| 05/19/2015 | DECLARATION ISO DEFS MOTION FOR PROTECTIVE ORDER | Public | 10 |
| 06/05/2015 | ORDER EXTENDING PROTECTIVE ORDER | Public | 2 |
| 07/06/2015 | REASSIGNMENT LETTER | Public | 1 |
| 07/07/2015 | AFFIDAVIT/DECLARATION OF SERVICE | Public | 2 |
| 07/28/2015 | NOTICE OF ABSENCE/UNAVAILABILITY | Public | 3 |
| 07/28/2015 | NOTICE OF ABSENCE/UNAVAILABILITY | Public | 3 |
| 08/10/2015 | DISCLOSURE OF WITNESSES | Public | 35 |
| 09/24/2015 | DISCLOSURE OF REBUTTAL WITNESSES | Public | 4 |
| 10/22/2015 | NOTE FOR JUDGES MOTION CALENDAR | Public | 2 |
| 10/22/2015 | MOTION TO CHANGE TRIAL DATE | Public | 9 |
| 10/22/2015 | DECLARATION OF JENNIFER VEAL | Public | 81 |
| 10/22/2015 | JOINDER IN MTN TO ADJUST TRIAL DATE | Public | 3 |
| 10/22/2015 | DECLARATION OF KATHERINE A. BOZZO | Public | 4 |
| 10/28/2015 | RESPONSE TO MOTION TO CONTINUE TRIAL DATE | Public | 9 |
| 10/28/2015 | LETTER FROM DEPARTMENT 17 | Public | 1 |

| 10/28/2015 | REASSIGNED TO DEPT 17 | Public | 1 |
| 10/29/2015 | NOTICE OF ABSENCE/UNAVAILABILITY | Public | 3 |
| 10/30/2015 | CLERK'S MINUTE ENTRY | Public | 2 |
| 10/30/2015 | ORDER FOR CONTINUANCE OF TRIAL DATE | Public | 2 |
| 10/30/2015 | ORDER AMENDING CASE SCHEDULE | Public | 2 |
| 11/05/2015 | NOTICE OF ABSENCE/UNAVAILABILITY | Public | 3 |

🛒 PURCHASE COPIES

## Proceedings

| Date    Calendar | Outcome |
|---|---|
| 01/08/2014 C4 - EXPARTE CALENDAR (Rm. JC1 ) | Held |
|     Confirmed    2:17 Exparte Action | |
| 01/24/2014 JUDGE MCCARTHY (Rm. 323 ) | Motion Held |
|     Confirmed    9:00 Motion(Other: MOTION FOR A QUALIFIED PROTECTIVE ORDER & ORDER COMPELLING PRODUCTION OF HEALTHCARE AND MENTAL HEALTH RECORDS) | |
| Scheduled By: Lorraine Kapau | |
| 02/14/2014 JUDGE MCCARTHY (Rm. 323 ) | Motion Held |
|     Confirmed    9:00 Motion(Other: RENEWED MOTION FOR PROTECTIVE ORDER) | |
| Scheduled By: Lorraine Kapau | |
| 05/07/2014 DEPT 12 - JUDGE AREND (Rm. 217A) | Cancelled/Stricken |
|     Unconfirmed 12:00 Status Conference | |
| 12/05/2014 DEPT 16 - JUDGE MARTIN (Rm. 531 ) | Cancelled - Not Confirmed |
|     Unconfirmed 9:00 Motion - Adjust Trial Date | |
| Scheduled By: Lorraine Kapau | |
| 01/16/2015 DEPT 16 - JUDGE MARTIN (Rm. 531 ) | Motion Held |
|     Confirmed    9:00 Motion - Adjust Trial Date | |
| Scheduled By: JOSEPH DIAZ | |
| 03/04/2015 DEPT 06 - JUDGE NEVIN (Rm. 211A) | Cancelled/Stricken |
|     Unconfirmed 12:00 Pretrial Conference | |
| 03/25/2015 DEPT 16 - JUDGE MARTIN (Rm. 531 ) | Cancelled/Amend Case Sched |
|     Confirmed    9:00 Trial | |
| 03/27/2015 DEPT 16 - JUDGE MARTIN (Rm. 531 ) | Cancel via Web-Rescheduled |
|     Unconfirmed 9:00 Motion - Summary Judgment | |
| Scheduled By: Krystle Bonnes | |
| 04/03/2015 DEPT 16 - JUDGE MARTIN (Rm. 531 ) | Cancel via Web-Issue resolved |
|     Unconfirmed 9:00 Motion - Summary Judgment | |
| Scheduled By: Krystle Bonnes | |
| 04/03/2015 DEPT 02 - JUDGE STOLZ (Rm. 214A) | Cancel via Web-Issue resolved |
|     Unconfirmed 9:00 Motion(Other: PLAINTIFFS' MOTION FOR CR 11 SANCTIONS) | |
| Scheduled By: Lorraine Kapau | |
| 06/05/2015 DEPT 02 - JUDGE STOLZ (Rm. 214A) | Ex-Parte w/ Order Held |
|     Confirmed    9:00 Motion(Other: EXTENSION OF PROTECTIVE ORDER) | |
| Scheduled By: Sandi Larson | |
| 06/16/2015 DEPT 16 - JUDGE MARTIN (Rm. 531 ) | Cancelled/Stricken |
|     Unconfirmed 12:00 Status Conference | |
| 10/30/2015 DEPT 17 - JUDGE CULPEPPER (Rm. 210A) | Motion Held |
|     Confirmed    9:00 Motion(Adjust Trial Date) | |
| Scheduled By: Karen Becker | |
| 01/05/2016 DEPT 17 - JUDGE CULPEPPER (Rm. 210A) | Cancelled/Amend Case Sched |
|     Unconfirmed 12:00 Pretrial Conference | |
| 01/19/2016 DEPT 17 - JUDGE CULPEPPER (Rm. 210A) | Cancelled/Amend Case Sched |
|     Confirmed    9:00 Trial | |
| 04/04/2016 DEPT 17 - JUDGE CULPEPPER (Rm. 210A) | |
|     Unconfirmed 12:00 Status Conference | |

10/24/2016 DEPT 17 - JUDGE CULPEPPER (Rm. 210A)
      Unconfirmed 12:00 Pretrial Conference

11/07/2016 DEPT 17 - JUDGE CULPEPPER (Rm. 210A)
      Confirmed    9:00 Trial

### Pending Case Schedule Items

| Event | Schedule Date |
|---|---|
| Confirmation of Service | 12/07/2015 |
| Confirmation of Joinder of Parties, Claims and Defenses | 03/07/2016 |
| Jury Demand | 03/14/2016 |
| Status Conference | 04/04/2016 |
| Plaintiff's/Petitioner's Disclosure of Primary Witnesses | 05/02/2016 |
| Defendant's/Respondent's Disclosure of Primary Witnesses | 05/30/2016 |
| Disclosure of Rebuttal Witnesses | 07/18/2016 |
| Deadline for Filing Motion to Adjust Trial Date | 08/15/2016 |
| Discovery Cutoff | 09/19/2016 |
| Exchange of Witness and Exhibit Lists and Documentary Exhibits | 10/03/2016 |
| Deadline to file Certificate or Declaration re: Alternative Dispute Resolution | 10/10/2016 |
| Deadline for Hearing Dispositive Pretrial Motions | 10/10/2016 |
| Joint Statement of Evidence | 10/10/2016 |
| Pretrial Conference | 10/24/2016 |
| Trial | 11/07/2016 |

### Judgments

| Cause # | Status | Signed | Effective | Filed |
|---|---|---|---|---|

This calendar lists Confirmed and Unconfirmed Proceedings. Attorneys may **obtain access rights** to confirm/strike selected proceedings. Currently, any proceedings for the Commissioners' calendars can be stricken, but only Show Cause proceedings for the Commissioners' calendars can be confirmed.

Unconfirmed Proceedings will not be heard unless confirmed as required by **the Local Rules of the Superior Court for Pierce County** .

- Hearing and location information displayed in this calendar is subject to change without notice. Any changes to this information after the creation date and time may not display in current version.
- Confidential cases and Juvenile Offender proceeding information is not displayed on this calendar. Confidential case types are: Adoption, Paternity, Involuntary Commitment, Dependency, and Truancy.
- The names provided in this calendar cannot be associated with any particular individuals without individual case research.
- Neither the court nor clerk makes any representation as to the accuracy and completeness of the data except for court purposes.

Created: Monday November 16, 2015 11:47AM

WEBSITE INFORMATION
**Privacy Policy**
**Copyright Notices**

# EXHIBIT B

00009

2-11-13
387354

# CONNELLY LAW OFFICES, PLLC

John R. Connelly, Jr.
Lincoln C. Beauregard
Micah R. LeBank
Nathan P. Roberts
Anna L. Price
Julie A. Kays
Amanda M. Searle

2301 North 30th Street
Tacoma, WA 98403
Toll Free: (855) 593-5100
Tacoma: (253) 593-5100
Seattle: (206) 816-3002
Fax: (253) 593-0380
www.connelly-law.com

February 20, 2014

*Via First Class Mail*
*& Via Electronic Mail*

Western State Hospital
9601 Steilacoom Blvd SW
Tacoma, WA 98498
wshinfo@dshs.wa.gov

     **RE:   Records of Jonathan R. Meline**

To Whom It May Concern:

     Pursuant to the enclosed Court Order, please produce copies of the following records to our office as soon as possible:

| | |
|---|---|
| Patient: | Jonathan Robert Meline |
| DOB: | 09/07/1983 |
| Records: | All Records |

     The Court Order requires these records to be produced no later than fourteen (14) days fro the date of this request.  Failure to comply may be deemed contempt of Court.

     We thank you in advance for your cooperation.  Please don't hesitate to call should you have any questions, or should you anticipate any difficulty complying with this request within the time allotted.

               Very truly yours,

               Nathan P. Roberts

NPR:llk
Enclosure

00010





The Honorable John A. McCarthy

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

KIM MELINE, individually, and as Personal
Representative of the Estate of ROBERT
MELINE;

     Plaintiff,

  v.

JONATHAN MELINE, individually,

     Defendant.

NO. 13-2-13022-5

**PROTECTIVE ORDER & ORDER
COMPELLING PRODUCTION OF
HEALTHCARE AND MENTAL
HEALTH RECORDS**

THIS MATTER having come before the above-entitled Court upon the Plaintiff's

Motion for a Qualified Protective Order, and the Court having reviewed the records including

Plaintiff's Motion and noting the proper advanced notice provided pursuant to RCW

70.02.060, and the absence of response or objection.

THEREFORE, it is hereby, ORDERED, ADJUDGED, AND DECREED that

Plaintiff's Motion for a Qualified Protective Order is GRANTED.

It is further ORDERED, ADJUDGED, AND DECREED that, upon receipt of a

written request, subpoena, or other compulsory process, the recipient of said request shall

promptly convey, within fourteen (14) days, to Plaintiff's attorneys at Connelly Law Offices,

PROTECTIVE ORDER - 1 of 2
(Cause No. 13-2-13022-5)

00011

PLLC, any and all records requested, including otherwise protected health care information and mental health care information pertaining to Johnathan R. Meline, DOB 09/07/1983, from the following mental health providers:

   1.  Western State Hospital and the Department of Social and Health Services; and

   2.  Comprehensive Life Resources, f/k/a Comprehensive Mental Health.

It is further ORDERED, ADJUDGED, AND DECREED that the use of such information and records as may be provided pursuant to this order shall be limited to those uses as are necessary for purposes of litigation.

DONE IN OPEN COURT THIS ___14___ day of February, 2014.

_John a. M Carthy_
THE HONORABLE JOHN A. MCCARTHY
Pierce County Superior Court Judge

Presented by:

CONNELLY LAW OFFICES, PLLC

John R. Connelly, Jr., WSBA No. 12183
Nathan P. Roberts, WSBA No. 40457
Amanda M. Searle, WSBA No. 42632
*Attorneys for Plaintiffs*

FILED
DEPT. 11
IN OPEN COURT

FEB 1 4 2014

Pierce County Clerk
By _____ DEPUTY

PROTECTIVE ORDER - 2 of 2
(Cause No. 13-2-13022-5)

00012

Absolutley everything
Mailed 2-25-14

# EXHIBIT C

00014

WESTERN STATE HOSPITAL, Tacoma, WA 98498-7213

TCI=TREATMENT CONFERENCE INPUT
SR=SECLUSION AND RESTRAINT
FI=FAMILY INTERVENTION

AP=ADMIN
PGN=POSSIBLE GOAL NEEDED
NGO=NONGOAL ORIENTED

GO=GOAL ORIENTED
PE=PT EDUCATION
MP=MEDICAL PROBLEM
DP=DISCHARGE PLANNING

| DATE Month/Day/Yr. | TIME | CODE | WHEN GO CODE USED, UNDERLINE GOALBEING ADDRESSED; WHEN PROBLEM NOTED, UNDERLINE |
|---|---|---|---|
| 1/9/12 | 1520 | MD GO | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | (Karlsvik) J. Varlarick MD |
| 1/8/12 | 100 | MD GO | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | (Karlsvik) — J. Varlarick MD |

**PHYSICIAN/PHARMACY NOTES**

WSH 23 – 55A  (Rev. 03/11)  PMS-Brown  Page 1 of 2  B/B

File in the Physician Progress Note Section of the chart

00015



| | |
|---|---|
| **Electronically Signed By:** | DRAKE, TRACI L, PSYCHOLOGIST 4 |
| **Electronically Signed On:** | 1/4/2012 16:50 |
| **TRx ID:** | |

| Do Not Write In This Space<br>For Patient Identification Only | WESTERN STATE HOSPITAL<br>Tacoma, WA 98498-7213<br><br>**PROGRESS RECORD**<br><br>WSH 23-55, (Rev. 9/01), PMS-Purple B/B |
|---|---|



STATE OF WASHINGTON
PIERCE COUNTY SUPERIOR COURT

NO.

DECLARATION OF
Jeffrey A. Fong, Ph.D.

Petitioners,

Respondent.

I, Jeffrey A. Fong, being over the age of eighteen years of age and competent to testify to the matters herein, do hereby declare and state as follows:

1.

2.

3.

4.

DECLARATION OF Jeffrey A. Fong, PhD

ATTORNEY GENERAL OF WASHINGTON
670 Woodland Square Loop SE
PO Box 40124
Olympia, WA 98504-0124
(360) 459-6

00017

1

████████████████████████████████████████

2      I declare under penalty of perjury under the laws of the state of Washington that the

3  above information is true and correct to the best of my knowledge.

4      DATED this January 6, 2012 at Tacoma, Pierce County, Washington.

5

6

7      Jeffrey A. Fong, Ph.D.
       Licensed Psychologist & Forensic (6358) Consultant
8      Western State Hospital
       Lakewood, WA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF Jeffrey A. Fong, PhD

00018

# EXHIBIT D

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 21 2014 11:56 AM

KEVIN STOCK
COUNTY CLERK
NO: 13-2-13022-5

1

2

3

4

5

6      SUPERIOR COURT OF THE STATE OF WASHINGTON
              IN AND FOR PIERCE COUNTY

7

8   KIM MELINE, individually and as Personal
    Representative of the Estate of ROBERT        NO.  13-2-13022-5
    MELINE;
9                                                 **SECOND AMENDED COMPLAINT**
                        Plaintiffs,
10

11        v.

12   COMPREHENSIVE LIFE RESOURCES f/k/a
     COMPREHENSIVE MENTAL HEALTH, a
     Washington Corporation; STATE OF
13   WASHINGTON, DEPARTMENT OF SOCIAL
     AND HEALTH SERVICES; and JONATHAN
14   MELINE, individually;

15                      Defendants.

16              **I.    INTRODUCTION**

17        COME NOW the above-named plaintiffs, by and through their attorneys of record,

18   John R. Connelly, Jr. and Nathan P. Roberts of Connelly Law Offices, PLLC, and by way of

19   claim aver and allege on personal knowledge as to themselves and their own actions, and on

20   information and belief as to all other matters, as follows:

21              **II.   PARTIES**

22        1.    Robert Meline was a husband and father who was brutally murdered as a result

23   of the carelessness and gross negligence described herein. Plaintiff Kim Meline is Robert

SECOND AMENDED COMPLAINT - 1 of 11           **CONNELLY LAW OFFICES, PLLC**
(Cause No. 13-2-13022-5)                         2301 North 30th Street
                                                   Tacoma, WA  98403
                                        (253) 593-5100 Phone - (253) 593-0380 Fax

00020

1    Meline's surviving spouse and the duly-appointed Personal Representative of his Estate.  She

2    brings claims on behalf of the Estate and its' beneficiaries, including Mr. Meline's four

3    surviving children.

4        2.    Defendant Comprehensive Life Resources ("CLR"), f.k.a. Comprehensive

5    Mental Health, is a behavioral and mental healthcare provider located in Pierce County,

6    Washington.  As set forth below, Defendant CLR failed to properly monitor, treat, and

7    medicate a dangerous mentally-ill psychiatric patient, leading to the death that is the subject

8    of this lawsuit.

9        3.    Defendant State of Washington, Department of Social and Health Services

10   ("DSHS") is a department of the State of Washington.  DSHS operates the inpatient

11   psychiatric facility known as Western State Hospital.  Part of DSHS's job is to protect the

12   public from dangerous individuals with mental illnesses.  As set forth below, DSHS was

13   grossly negligent and also bears responsibility for the tragedy underlying this case.

14       4.    Defendant Jonathan Meline ("Defendant Meline") is a mentally ill individual

15   and a resident of the State of Washington.

16   ### III.   VENUE & JURISDICTION

17       5.    This Court has original subject matter jurisdiction pursuant to the Constitution

18   of the State of Washington, Art. 4 § 6.

19       6.    Venue is proper in Pierce County pursuant to RCW 4.12.020 because the

20   events giving rise to this claim occurred in Pierce County.

21   ### IV.   STATUTORY COMPLIANCE

22       7.    More than sixty days prior to the filing of this Second Amended Complaint,

23   Plaintiffs filed a pre-suit Claim for Damages against the State of Washington, Department of

SECOND AMENDED COMPLAINT - 2 of 11
(Cause No. 13-2-13022-5)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1    Social and Health Services.

2        8.    Any prerequisites to the maintenance of this action imposed by RCW 4.92

3    have accordingly been satisfied.

4                                    V.    FACTS

5        9.    This case involves the failure of the Department of Social and Health Services

6    and Defendant Comprehensive Life Resources to properly treat, monitor, and medicate a

7    dangerous, mentally-ill individual.  Both DSHS and CLR knew the patient suffered from

8    paranoid schizophrenia and was inclined to commit acts of violence in the community by

9    virtue of his mental illness, yet they failed to familiarize themselves with the nature of his

10   disease, failed to properly monitor his condition, and failed to provide the correct dosage of

11   antipsychotic medication that was needed to prevent the patient from deteriorating and hurting

12   or killing someone.

13       10.    Both DSHS and CLR also knew that the patient had a unique type of delusion,

14   a misidentification syndrome known as Capgras, which led him to believe that his parents

15   were actually stepparents, "imposters" who had murdered his "real parents."

16       11.    Both DSHS and Defendant CLR knew that the patient had made specific

17   threats against his parents as a result of this delusion, yet neither DSHS nor CLR took steps to

18   warn the patient's parents of the specific danger he posed to them if his condition went

19   untreated.  These failures were grossly negligent.

20       12.    The patient was Jonathan Meline.  Although Jonathan was born into a stable

21   family and had a relatively normal childhood, mental illness began to set in during

22   adolescence.  By the time Defendant CLR accepted him as a patient, he had spent the prior

23   decade bouncing in and out of jails and mental institutions, including Western State Hospital

SECOND AMENDED COMPLAINT - 3 of 11
(Cause No. 13-2-13022-5)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

00022

("WSH"), which is run by DSHS. Jonathan's mental illness was well-documented, and he had been repeatedly diagnosed with paranoid schizophrenia. As a result he had been detained a number of times since 2004.

13.     Jonathan's mental illness made him violent and dangerous. He had a known history of such behavior, including assault, vehicular assault, threatening other drivers in traffic, and—as mentioned—threatening to kill his parents.

14.     In October of 2010, Jonathan was admitted to the forensic unit of WSH as a result of an arrest that occurred in August 2010. As trial approached, DSHS conducted two separate forensic evaluations to assess Jonathan's fitness to stand trial. Each evaluation indicated that Jonathan Meline was unfit for trial and that Jonathan was likely to engage again in violent acts in the future.

15.     On August 19, 2011, Jonathan was readmitted to WSH. Upon readmission, his evaluating psychologist indicated that Jonathan presented with restricted affect and showed psychotic thought content and impaired judgment. By October 2011, his psychiatrist placed him on a new treatment regimen which consisted of intramuscular injections of antipsychotic medication (Risperdal Consta). The attending psychiatrist indicated that close observation would be critical in order to ensure that Jonathan did not exhibit symptoms of a relapse; he also warned that Jonathan was likely to engage in acts of violence if his mental illness destabilized. In fact, the treating psychiatrist specifically warned that Jonathan Meline should not be discharged from WSH without an evaluation by the County Designated Mental Health Professional ("CDMHP") to assess his dangerousness.

16.     Unfortunately, that close observation did not occur, the CDMHP assessment was never done, and Jonathan was granted less restrictive treatment and discharged by WSH

SECOND AMENDED COMPLAINT - 4 of 11
(Cause No. 13-2-13022-5)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

00023

into the care of Defendant CLR.   This was reckless and grossly negligent, and exposed Jonathan's parents, and the public in general, to unnecessary risk of violence.

17.   A discharge from WSH for less restrictive treatment is conditioned on an agency accepting placement and assuming treatment responsibilities for the individual being discharged. Jonathan's discharge was no different. In Jonathan's Verification of Acceptance for Placement, Defendant CLR (and the assigned CLR case manager) expressly agreed to assume treatment responsibility for Jonathan Meline. By accepting placement and responsibility for Jonathan, Defendant CLR agreed to provide adequate medical treatment and case management services, and CLR agreed to accept responsibility for the important task of making sure Jonathan's illness did not deteriorate to the point where he would pose a risk of violence and harm to others.

18.   Jonathan's less restrictive treatment discharge, in addition to the broad assumption of responsibility by CLR, also contained various specific conditions. The following is a non-exclusive list of these conditions:  Jonathan was required to (1) reside at his parents' home, or other residence as approved by his CLR case manager; (2) follow all applicable rules and regulations, and allow the case manager to visit his place of residence at will; (3) participate in follow-up mental health care through CLR, and keep all appointments and follow treatment recommendations of his assigned CLR case manager or any other designated mental health care provider; and (4) take medications exactly as prescribed and cooperate with all laboratory work as requested.

19.   Additionally, Jonathan was expressly required to refrain from any threats or acts of harm to self, others, or property; submit to requests made by case manager, prescriber, or other members of his treatment team from CLR; and maintain own health and safety in the

SECOND AMENDED COMPLAINT - 5 of 11
(Cause No. 13-2-13022-5)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1    community and not substantially deteriorate in routine level of functioning.

2        20.    Almost immediately upon discharge, Jonathan began breaching these and other

3    express conditions of his release from WSH.   Jonathan did not take his medication as

4    prescribed and would miss medication appointments, which resulted in delayed injections.

5    Missing medication appointments and failing to take medications as prescribed were both

6    express breaches of the conditions upon which Jonathan was discharged, and this put

7    Jonathan at extreme risk of destabilization and violence.

8        21.    Furthermore, CLR expressly agreed to be responsible for the treatment of

9    Jonathan. Instead of treating and monitoring a potentially violent paranoid schizophrenic who

10   had been recently released, CLR allowed Jonathan to breach his conditional release and

11   interact with society untreated and unmonitored.

12       22.    As a result of receiving inadequate doses of antipsychotic medication,

13   Jonathan's delusions returned, and he began threatening his parents, particularly his father.

14       23.    Defendant CLR knew or should have known that Jonathan was likely to

15   engage again in violent acts if his medications and treatment were not properly managed.

16   Moreover, these threats of harm to others were clear breaches of Jonathan's less restrictive

17   treatment conditions and should have been cause for alarm to the staff and treatment providers

18   at CLR.   Sadly, CLR failed to properly follow-up on Jonathan's increasingly anti-social

19   behavior and continued to allow him to breach his less restrictive treatment.

20       24.    In March of 2012, Jonathan's condition worsened. His threats became

21   increasingly serious and violent. In response, his parents (Rob and Kim Meline) contacted

22   CLR and expressed concern for their safety. However, CLR continued its do-nothing

23   approach—despite Defendant Meline's worsening condition and increasingly violent

SECOND AMENDED COMPLAINT - 6 of 11
(Cause No. 13-2-13022-5)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

00025

1    threats—and turned a blind eye to the concerns raised by Jonathan's parents.

2        25.    Defendant CLR did not conduct a proper follow-up evaluation into Jonathan's

3    worsening delusions, and CLR continued to permit Jonathan to miss medication appointments

4    and receive delayed and inadequate treatment.   Defendant CLR knew that Jonathan was

5    receiving a dosage of antipsychotic medication that was less than any he had received while at

6    WSH, and yet CLR failed to identify the link between the inadequate mediation management

7    and the fact that Jonathan was heading towards a potentially-deadly psychotic relapse.   CLR's

8    lack of care and treatment left Jonathan's parents alone and ill-equipped to deal with their

9    paranoid schizophrenic son.   CLR's failures would eventually prove to be fatal.

10        26.    On or around October 25, 2012, as a result of the inadequate care and

11    treatment provided by Defendant CLR, Jonathan was suffering from delusions and brutally

12    attacked and killed his father, Rob Meline, with a hatchet.   Jonathan's sister was in the house

13    at the time and heard Jonathan yelling "die, die, die!" as he hacked away at his father.   The

14    sister begged for her life, but Jonathan calmly told her that he did not intend to kill her.   The

15    two walked to the police station together, where Jonathan openly explained what he had done

16    and why.

17        27.    Jonathan's conduct was not the result of intentional conduct by Jonathan

18    Meline, but rather a result of his untreated mental illness.

19        28.    In the days and months leading up to this event, Defendant CLR had failed to

20    ensure compliance with Jonathan's medication regime and had failed to meet its responsibility

21    for his treatment and care.

22        29.    Not only were Jonathan's threats towards his parents a breach of his

23    conditional discharge, they should have alerted a reasonable clinician that Jonathan was not

SECOND AMENDED COMPLAINT - 7 of 11
(Cause No. 13-2-13022-5)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

00026

1   receiving adequate dosages of antipsychotic medication. Without other medications, this

2   dosage was less than Jonathan had ever received while detained at WSH.

3       30.    CLR consistently failed to fulfill its responsibilities to properly treat Jonathan

4   and protect others from harm. CLR failed to monitor Jonathan Meline's condition through

5   proper follow-up evaluations and treatment; and, despite Jonathan's parents being the target

6   of violent threats, CLR failed to treat Jonathan's worsening condition and failed to provide

7   any alternative residences for him.

8       **VI.    FIRST CAUSE OF ACTION – NEGLIGENCE BY CLR**

9       31.    Defendant CLR owed a duty of reasonable care to Jonathan Meline and the

10   foreseeable victims of his psychotic violence.

11       32.    When Jonathan Meline was discharged to less restrictive treatment by

12   Defendant CLR, CLR expressly assumed such a duty, including a duty to provide reasonable

13   and appropriate care and treatment to Jonathan Meline.

14       33.    Defendant CLR breached its duty by failing to provide adequate treatment,

15   failing to properly monitor and assess Jonathan Meline, failing to properly medicate him, and

16   failing to ensure compliance with the conditions of his discharge, among other things.

17       34.    Defendant CLR breached its duty by failing to ensure that Jonathan Meline

18   complied with the conditions of his less restrictive treatment, by allowing Jonathan Meline to

19   regularly miss treatment appointments and receive delayed treatment, by failing to properly

20   monitor his new, lower dose medication regimen, and/or by failing to act when it was made

21   aware of Jonathan Meline's more frequent delusions and increasingly violent behavior, both

22   of which constituted symptoms of relapse.

23       35.    Defendant CLR breached its duty by failing to properly monitor and provide

SECOND AMENDED COMPLAINT - 8 of 11
(Cause No. 13-2-13022-5)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1   follow-up treatment to Jonathan Meline when he violated the conditions of his less restrictive

2   treatment by exhibiting increasingly violent threats and delusional behavior.

3        36.    Defendant CLR breached its duty when it failed to properly evaluate and

4   monitor Jonathan Meline after it was made aware by Jonathan's parents that he was making

5   violent threats towards them with increasing frequency.

6        37.    These and other failures by CLR constituted a breach of its duty of reasonable

7   care.

8        38.    As a direct and proximate result of these and other breaches, Rob Meline was

9   killed in the most brutal fashion imaginable.  Kim Meline lost her husband, and the couple's

10  four children each lost their father.  Mr. Meline's Estate and beneficiaries have therefore

11  suffered general and special damages in an amount to be proven at trial.

12  **VII.    SECOND CAUSE OF ACTION – GROSS NEGLIGENCE BY DSHS**

13       39.    Defendant DSHS owed a duty of care to Jonathan Meline and the foreseeable

14  victims of his psychotic violence.

15       40.    Defendant DSHS breached its duty, and was grossly negligent, when it

16  discharged Jonathan Meline into the community without conducting an assessment of his

17  dangerousness, among other things.

18       41.    Defendant DSHS breached its duty, and was grossly negligent, when it

19  changed Jonathan Meline's medication regimen and then discharged him into the community

20  without taking steps to ensure that his dosage was fixed at an appropriate and effective level,

21  among other things.

22       42.    Defendant DSHS breached its duty, and was grossly negligent, when it

23  discharged Jonathan Meline without first observing him to assess whether he would exhibit

SECOND AMENDED COMPLAINT - 9 of 11
(Cause No. 13-2-13022-5)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1   symptoms of a relapse, among other things.

2       43.    Defendant DSHS breached its duty, and was grossly negligent, when it failed

3   to inform Jonathan Meline's parents of the extreme danger posed by his misidentification

4   syndrome ("Capgras"), which led him to believe that his parents were actually stepparent

5   "imposters" who had murdered his "real parents," among other things.

6       44.    Defendant DSHS breached its duty, and was grossly negligent, when it failed

7   to inform Defendant CLR's treatment providers of Jonathan Meline's danger to his parents,

8   his need for a dangerousness assessment by a CDMHP, and his need for close observation and

9   monitoring of his medication regimen,  among other things.

10      45.    These and other failures by Defendant DSHS constituted gross negligence and

11  a breach of its duty of reasonable care and even slight care.

12      46.    As a direct and proximate result of these and other failures, the public was not

13  protected.  Rob Meline was killed in the most brutal fashion imaginable.  Kim Meline lost her

14  husband, and the couple's four children each lost their father.  Mr. Meline's Estate and

15  beneficiaries have therefore suffered general and special damages in an amount to be proven

16  at trial.

17      **VIII.   THIRD CAUSE OF ACTION – NEGLIGENCE BY**

18          **JONATHAN MELINE**

19      47.    Defendant Jonathan Meline owed a duty to exercise reasonable care.

20      48.    He may have breached that duty by failing to notify others of his increasing

21  delusions and/or by failing to submit to medication as prescribed.  Such failure constituted a

22  breach of his obligation of ordinary and reasonable care.

23      49.    As a direct and proximate result of that breach, Plaintiffs sustained injury and

SECOND AMENDED COMPLAINT - 10 of 11
(Cause No. 13-2-13022-5)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

00029

1   damage in an amount to be proven at trial.

2   IX.   PRAYER FOR RELIEF

3   WHEREFORE, Plaintiffs request a judgment against the Defendants:

4   (a)   Awarding general and special damages in an amount to be proven at trial;

5   (b)   Awarding reasonable attorneys' fees and costs;

6   (c)   Awarding any and all applicable interest on the judgment;

7   (d)   Declaring the defendants jointly and severally liable; and

8   (e)   Awarding such other and further relief as the Court deems just and proper

9         under the circumstances of this case.

10  DATED this 21st day of October, 2014.

11                              CONNELLY LAW OFFICES, PLLC

12

13                              By

14                              John R. Connelly, Jr., WSBA No. 12183
                                Nathan P. Roberts, WSBA No. 40457
15                              *Attorneys for Plaintiffs*

16

17

18

19

20

21

22

23

SECOND AMENDED COMPLAINT - 11 of 11
(Cause No. 13-2-13022-5)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

# EXHIBIT E

00031

1

2

3

4

5

6            SUPERIOR COURT OF THE STATE OF WASHINGTON
                    IN AND FOR PIERCE COUNTY
7

8    KIM MELINE, individually and as Personal
     Representative of the Estate of ROBERT         NO. 13-2-13022-5
     MELINE;
9                                                   **PLAINTIFFS' FIRST DISCOVERY TO**
                           Plaintiffs,              **DEFENDANT WA STATE DEPT. OF**
10                                                  **SOCIAL AND HEALTH SERVICES**

11          v.                                      **WITH RESPONSES**

     COMPREHENSIVE LIFE RESOURCES f/k/a
12   COMPREHENSIVE MENTAL HEALTH, a
     Washington Corporation; STATE OF
13   WASHINGTON, DEPARTMENT OF SOCIAL
     AND HEALTH SERVICES; and JONATHAN
14   MELINE, individually;

15                         Defendants.

16   TO:        DEFENDANT WA STATE DEPT. OF SOCIAL AND HEALTH SERVICES

17   AND TO:    ITS ATTORNEYS

18                    **DEFINITIONS AND PROCEDURES**

19          Time for Response:   Your answers and objections, if any, must be served upon

20   Plaintiffs' attorneys within the later of (a) thirty (30) days from the date of service of these

21   interrogatories and requests for production upon you or (b) forty (40) days from the date of

22   service of the summons and complaint upon you.

23

PLAINTIFFS' FIRST DISCOVERY TO DSHS - 1 of 17        **CONNELLY LAW OFFICES, PLLC**
(Cause No. 13-2-13022-5)                              2301 North 30th Street
                                                     Tacoma, WA 98403
                                                     (253) 593-5100 Phone - (253) 593-0380 Fax

00032

**INTERROGATORIES AND REQUESTS FOR PRODUCTION**

**INTERROGATORY NO. 1:** Identify each individual who may have knowledge of discoverable matters, identifying in your response the subject of the information possessed by each.

**OBJECTION:** Overly broad and unduly burdensome as this interrogatory is not limited in terms of time or to the issues in this case. Subject to and without waiving said objection:

**ANSWER:**

Melissa Dannelet, Ph.D. (8/27/2009 Outpatient evaluation)

**3rd Admission** (10/4/2010 - 5/19/2011)

Helmut Steinwender, M.D.

Roman Gleyzer, M.D.

Gregg Gagliardi, Ph.D

Claire Sauvagnat, Ph.D. intern (pg 01010779 - mentioned Jonathan met with members of his treatment team).

Deanna Carron, MSW

G. Dawson, LICSW

**4th Admission** (8/19/2011 - 1/12/2012)

William Ehlers, M.D.

Corazon Salvador, M.D.

Sandra Karlsvik, M.D.

Traci Drake, Ph.D.

Jeffrey Fong, Ph.D.

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

00033

1   Deanna Carron, MSW

2   Stephanie Waterman, MSW

3   Timothy Larson, LICSW

4   Kumiko Arocho, RN

5   Pamela Vigil, RN

6   Other healthcare providers' names are identified within the records.  Also, witnesses will be

7   disclosed in accordance with the Case Schedule Order.  Discovery is ongoing, this answer

8   may be supplemented.

9   **INTERROGATORY NO. 2:**   Describe by category and location all documents, data

10   compilations, and other tangible things in your possession, custody, or control that relate to

11   the claims and/or defenses in this matter.

12   **OBJECTION:**  Overly broad and unduly burdensome as this interrogatory is not limited in

13   terms of time or to the issues in this case.  Subject to and without waiving said objection:

14   **ANSWER:**   Subject to the terms of the Court's Protective Order dated June 5, 2015, see

15   responses to Request for Production 11 and 17 that were produced on June 18, 2015.  Also,

16   plaintiffs provided medical records that were produced by WSH and CLR via Court's

17   Protective Order dated February 14, 2014. This interrogatory will be supplemented as

18   appropriate.

19   **REQUEST FOR PRODUCTION NO. 1:**   Produce for inspection and copying all

20   documents, data compilations, and other tangible things identified in your answer to the

21   preceding Interrogatory.

22   **RESPONSE:** Subject to the terms of the Court's Protective Order dated June 5, 2015, see

23   answer to Interrogatory No. 2.

PLAINTIFFS'FIRST DISCOVERY TO DSHS - 4 of 17
(Cause No. 13-2-13022-5)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

**REQUEST FOR PRODUCTION NO. 7:** Produce for inspection and copying the personnel files, including training records, of the individuals identified in your response to the preceding interrogatory.

**OBJECTION:** Defendants objects to the blanket request for production of all personnel files. Such a fishing expedition is not supported by Washington law. The Washington State Constitution, statutes governing public records disclosures, and case law all recognize the importance of an individual's right to privacy. The Courts have carefully considered the balance between these privacy rights and the right to discovery under CR 26, and have discussed that generic requests for personnel files are "presumed highly offensive" and an "invasion of privacy." *See Dawson v. Daly*, 120 Wn.2d 782, 845 P.2d 995 (1995), *Beltran v. DSHS*, 98 Wn. App. 245, 989 P.2d 604 (Div I. 1999). *See also* RCW 42.17, et seq.

**RESPONSE:** The State of Washington, Department of Social and Health Services does not have personnel files for Comprehensive Life Resources' personnel.

**INTERROGATORY NO. 9:** Identify by name, address, phone number, employer, and job title any and all physicians, nurses, staff, and other employees or persons who were responsible for Jonathan Meline's final assessment upon discharge.

**OBJECTION:** Vague and ambiguous as to "discharge," as there is no time specified. Given the facts of this case, defendants assume that plaintiffs refer to the discharge from Western State, under RCW 71.05, in January 2012. Subject to and without waiving said objection:

**ANSWER:** See the WSH records produced in response to Request for Production No. 11. The evaluation/treatment team included Jeffrey Fong, Ph.D., Traci Drake, Ph.D., Sandra Kralsvik, M.D., Stephanie Waterman, MSW, Timothy Larson, LICSW, Kumiko Arocho, RN, and Pamela Vigil, RN.

PLAINTIFFS' FIRST DISCOVERY TO DSHS - 8 of 17
(Cause No. 13-2-13022-5)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1   447, 471-75, 105 P.3d 278 (2005). Subject to and without waiving the foregoing objections, see

2   this Defendants' Answer. Furthermore, discovery is ongoing.  Plaintiffs Complaint alleges

3   negligence against multiple defendants. Pursuant to RCW 4.22.070, these Defendants reserve the

4   right for the jury to apportion damages among all at fault parties. This answer will be

5   supplemented as necessary after further investigation and discovery.  Additionally, Jonathan

6   Meline murdered Robert Meline and is therefore considered an intentional tortfeasor under

7   Washington Law.

8   **INTERROGATORY NO. 13**:  Please set forth a short and plain statement of the facts

9   supporting your answer to the preceding interrogatory.

10  **ANSWER:**  Jonathan Meline confessed to murdering Robert Meline.

11  **REQUEST FOR PRODUCTION NO. 11**:  Please produce a complete and accurate copy of

12  Western State Hospital's medical file for Jonathan Meline.

13  **RESPONSE:**  The following medical records were produced to Plaintiffs on Jun 18, 2015:

14      Meline v. State 01010001-169 - Admission 1 – 12/15/2004 – 1/11/2005

15      Meline v. State 01010170-477 - Admission 2 – 3/17/2006 – 5/16/2007

16      Meline v. State 01010478-898 - Admission 3 – 10/4/2010 – 5/19/2011

17      Meline v. State 01010899-1285 - Admission 4 – 8/19/2011 - 1/12/2012

18      Meline v. State 01011286-1437 - Admission 5 – 12/3/2012 – 2/11/2013

19      Meline v. State 01011438-1613 - Admission 6 – 6/12/2014 – present

20      Meline v. State 01011615 – 1642 - Medication Administration

21      Meline v. State 01011693 –1787 - WSH outpatient records.

22      Meline v. State 01020001 - 011 and 01020023 - 032 CFS Forensic Psych Evaluations
        by Dr. Hutchins and Dr. Bain.

23

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

**REQUEST FOR PRODUCTION NO. 16:**   Produce for inspection and copying all documents, data compilations, and other tangible things that support your affirmative defenses.

**RESPONSE:**  See answer to Interrogatory No. 17.


**REQUEST FOR PRODUCTION NO. 17:**  Produce any and all items of correspondence, memoranda, and electronic mail messages (in native format), sent _or_ received by any current or former employee of DSHS, that discuss or pertain to Jonathan Meline, the incident that is the subject of this lawsuit, _or_ that contain the word "Meline."

**RESPONSE:**   The following emails from and to Jonathan Meline's treatment providers were produced to Plaintiffs on Jun 18, 2015, pursuant to Sally Leighton's conversation with Nathan Roberts: Meline v. State 01030001 - 01030177 (search Meline) and 01030178 - 01031472 (search Jonathan Meline) excluding documents listed on the Privilege Log. Additional emails between Mr. Meline's treatment providers going back to 2009 have been requested. Defendant will supplement this Request for Production.

**INTERROGATORY NO. 18:** Describe the methodology used to identify and retrieve the items of correspondence, memoranda, and electronic mail messages requested in the previous request for production.

**ANSWER:** As discussed with attorney Nathan Roberts Defendants searched using keywords in emails containing "Jonathan * Meline" "Jonathan Meline" "Meline Jonathan" and to/from Traci Drake, Melissa Dannelet, Jeffrey Fong, Gregg Gagliardi, William Ehlers, Corazon

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

00037

1    Salvador, Sandra Karlsvik, Timothy Larson, Stephanie Waterman, Deanna Carron, and

2    Roman Gleyzer. Date Range: 8/1/2011 -4/6/2015.

3    Keywords  in emails containing Meline (not found by the first search) and to/from Traci

4    Drake, Melissa Dannelet, Jeffrey Fong, Gregg Gagliardi, William Ehlers, Corazon Salvador,

5    Sandra Karlsvik, Timothy Larson, Stephanie Waterman, Deanna Carron, and Roman Gleyzer.

6    Date Range: 8/1/2011 -4/6/2015.

7    **REQUEST FOR PRODUCTION NO. 18:**  For any and all documents or other materials

8    that are in any way responsive to the foregoing requests for production, but which are being

9    withheld under claim of privilege, produce a privilege log. *See Cedell v. Farmers Ins. Co. of*

10   *Washington*, 176 Wn.2d 686, 695-96, 295 P.3d 239 (2013).

11   **RESPONSE:** A privilege log was produced on June 18, 2015 with Request for Production
     Nos. 11 and 17.

12

13          DATED this 25th day of March, 2015.

14                            CONNELLY LAW OFFICES, PLLC

15

16                      By *Nathan P. Roberts*

17                            John R. Connelly, Jr., WSBA No. 12183
                              Nathan P. Roberts, WSBA No. 40457
18                            *Attorneys for Plaintiff*

19

20

21

22

23

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

00038

# EXHIBIT F

00039

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

August 10 2015 10:47 AM

KEVIN STOCK
COUNTY CLERK
NO: 13-2-13022-5

The Honorable Katherine M. Stolz
Trial: 01/19/2016

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| KIM MELINE, individually and as Personal Representative of the Estate of ROBERT MELINE,<br><br>                           Plaintiffs,<br><br>     v.<br><br>COMPREHENSIVE LIFE RESOURCES f/k/a COMPREHENSIVE MENTAL HEALTH, a Washington Corporation; STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES; and JONATHAN MELINE, individually,<br><br>                          Defendants. | Cause No:  13-2-13022-5<br><br>**DEFENDANTS STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES' DISCLOSURE OF PRIMARY WITNESSES** |

COME NOW the Defendants State of Washington and Department of Social and Health Services, by and through their attorneys of record, and pursuant to PCLR 26(b) submits the following disclosure of primary witnesses.  This disclosure is being offered by counsel and may be modified or corrected following depositions of the witnesses.

DEFENDANTS STATE OF WASHINGTON,
 DEPARTMENT OF SOCIAL AND HEALTH SERVICES'
DISCLOSURE OF PRIMARY WITNESSES
Page 1 of 10

**FITZER, LEIGHTON & FITZER, P.S.**
ATTORNEYS AT LAW
1102 BROADWAY, SUITE 401
TACOMA, WASHINGTON 98402-3526
(253) 572-5324   FAX (253) 627-8928

00040

I.  **PARTIES**

1.  Kim Meline, Plaintiff
    c/o  Jack Connelly and
    Nathan Roberts
    2301 North 30th Street
    Tacoma, WA  98403
    (253) 593-5100

It is anticipated Kim Meline will testify regarding the facts and circumstances of her

allegations against defendants, her alleged injuries, her treatment and damages. Furthermore,

she is expected to testify regarding her psychological injury as a result of the stresses caused

by the alleged injuries.

2.  State of Washington and Department of
    Social and Health Services, Defendants
    c/o Sally B. Leighton
    Fitzer Leighton & Fitzer, P.S
    1102 Broadway, Suite 401
    Tacoma, WA  98402
    (253)  683-4511

State of Washington and Department of Social and Health employees, including

Western State Hospital's physicians, psychologists, psychiatrists, social workers, nurses,

technicians and other staff, officers, medical directors, managers and/or records custodians,

which may include  Melissa Dannelet, Ph.D.,  Helmut Steinwender, M.D., Roman Gleyzer,

M.D., Gregg Gagliardi, Ph.D., Claire Sauvagnat, Ph.D., Deanna Carron, MSW, G. Dawson,

LICSW, William Ehlers, M.D., Corazon Salvador, M.D., Sandra Karlsvik, M.D., Traci Drake,

Ph.D., Jeffrey Fong, Ph.D., Deanna Carron, MSW, Stephanie Waterman, MSW, Timothy

Larson, LICSW, Kumiko Arocho, RN, and  Pamela Vigil, RN may be called to testify

regarding the allegations contained in the Complaint, the care and treatment provided to

Jonathan Meline  and other matters known or reasonably available to the organization that are

relevant to this lawsuit.  These individuals may also be called to testify regarding, State of

DEFENDANTS STATE OF WASHINGTON,
 DEPARTMENT OF SOCIAL AND HEALTH SERVICES'
DISCLOSURE OF PRIMARY WITNESSES
Page 2 of 10

**FITZER, LEIGHTON &
FITZER, P.S.**
ATTORNEYS AT LAW
1102 BROADWAY, SUITE 401
TACOMA, WASHINGTON 98402-3526
(253) 572-5324   FAX (253) 627-8928

00041

1  Washington, Department of Social and Health and Western State Hospital's policies,

2  procedures and practices relevant to the issues in this case and other matters within the scope

3  of their knowledge, expertise and experience that are relevant to this lawsuit.

      3.    Comprehensive Life Resources f/k/a Comprehensive
           Mental Health, Defendant
           c/o Christopher W. Keay
           and Katherine Bozzo
           2115 North 30th Street, Suite 101
           Tacoma WA  98403
           (253) 572-5323

9        Comprehensive Life Resources' employees, including physicians, psychologist,

10  psychiatrist, social worker, counsellors, nurses, technicians and other staff, officers, medical

11  directors, managers and/or records custodians, which may include Devin Shoquist, M.D.,

12  Dixie Sanders-Ross, ACBSW, Joyanne, Russell, HS, , Barbara Cook-Gordon, AA, Karen

13  Ramsauer-Coleman, BA, and John Eckstrom, B.S. may be called to testify regarding the

14  allegations contained in the Complaint, the care and treatment provided to Jonathan Meline

15  and other matters known or reasonably available to the organization that are relevant to this

16  lawsuit.  These individuals may also be called to testify regarding Comprehensive Life

17  Resources' policies, procedures and practices relevant to the issues in this case and other

18  matters within the scope of their knowledge, expertise and experience that are relevant to this

19  lawsuit.

21  ## II.  LAY WITNESSES

22        The following lay witnesses may have knowledge as to the investigation, facts and

23  circumstances of the alleged incident, their observations of Jonathan, Kim and Robert Meline

24  and other matters, including liability and damages.

DEFENDANTS STATE OF WASHINGTON,
DEPARTMENT OF SOCIAL AND HEALTH SERVICES'
DISCLOSURE OF PRIMARY WITNESSES
Page 3 of 10

**FITZER, LEIGHTON &
FITZER, P.S.**
ATTORNEYS AT LAW
1102 BROADWAY, SUITE 401
TACOMA, WASHINGTON 98402-3526
(253) 572-5324   FAX (253) 627-8928

00042

# EXHIBIT G

00043



E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

November 14 2014 1:09 PM

KEVIN STOCK
COUNTY CLERK
NO: 13-2-13022-5

THE HONORABLE ELIZABETH MARTIN

1

2

3

4

5

6

7

8                           STATE OF WASHINGTON
                      PIERCE COUNTY SUPERIOR COURT

9   KIM MELINE, individually and as
    Personal Representative of the Estate of
10  ROBERT MELINE,                              NO. 13-2-13022-5

11                          Plaintiffs,          DEFENDANT STATE OF
                                                 WASHINGTON, DEPARTMENT OF
12                  v.                           SOCIAL AND HEALTH SERVICES'
                                                 ANSWER AND AFFIRMATIVE
13  COMPREHENSIVE LIFE                           DEFENSES TO PLAINTIFFS'
    RESOURCES f/k/a                              SECOND AMENDED COMPLAINT
14  COMPREHENSIVE MENTAL
    HEALTH, a Washington Corporation;
15  STATE OF WASHINGTON,
    DEPARTMENT OF SOCIAL AND
16  HEALTH SERVICES; and
    JONATHAN MELINE, individually,
17

18                          Defendants.

19

20          Defendant, State of Washington, Department of Social and Health Services (State), in

21  answer to plaintiffs' second amended complaint admits, denies, and alleges as follows:

22                                  I. PARTIES

23          1.      Defendant State is without knowledge or information sufficient to form a belief as

24  to the truth of the allegations contained in paragraph 1 and, therefore, denies the same.

25          2.      Defendant State is without knowledge or information sufficient to form a belief as

26  to the truth of the allegations contained in paragraph 2 and, therefore, denies the same.

DEFENDANT STATE OF                          1        ATTORNEY GENERAL OF WASHINGTON
WASHINGTON, DEPARTMENT OF                                       Torts Division
SOCIAL AND HEALTH SERVICES'                              7141 Cleanwater Drive SW
ANSWER AND AFFIRMATIVE                                         PO Box 40126
DEFENSES TO PLAINTIFFS' SECOND                          Olympia, WA 98504-0126
AMENDED COMPLAINT                                             (360) 586-6300

00044

## VI.  SECOND CAUSE OF ACTION – GROSS NEGLIGENCE BY DSHS

39.     Defendant State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and, therefore, denies the same.

40.     Defendant State denies the same.

41.     Defendant State denies the same.

42.     Defendant State denies the same.

43.     Defendant State denies the same.

44.     Defendant State denies the same.

45.     Defendant State denies the same.

46.     Defendant State denies the same.

## VII.  THIRD CAUSE OF ACTION – NEGLIGENCE BY JONATHAN MELINE

47.     Defendant State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and, therefore, denies the same.

48.     Defendant State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 and, therefore, denies the same.

49.     Defendant State is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 and, therefore, denies the same.

## VIII.  AFFIRMATIVE DEFENSES

50.     By Way of FURTHER ANSWER and AS AN AFFIRMATIVE DEFENSE, the Defendant State alleges that the plaintiffs' second amended complaint fails to state claim against the Defendant State upon which relief can be granted.

51.     By Way of FURTHER ANSWER and AS AN ADDITIONAL AFFIRMATIVE DEFENSE, the Defendant State alleges that at all times relevant herein that DSHS and its officers, employees, and agents acted with good faith.

DEFENDANT STATE OF
WASHINGTON, DEPARTMENT OF
SOCIAL AND HEALTH SERVICES'
ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

52. By Way of FURTHER ANSWER and AS AN ADDITIONAL AFFIRMATIVE DEFENSE, the Defendant State alleges that it is exempt from liability pursuant to RCW 71.05.120.

53. By Way of FURTHER ANSWER and AS AN ADDITIONAL AFFIRMATIVE DEFENSE, the Defendant State alleges that the plaintiffs may have failed to join all necessary parties under CR 19.

54. By Way of FURTHER ANSWER and AS AN ADDITIONAL AFFIRMATIVE DEFENSE, the Defendant State alleges that the injuries and damages, if any, claimed by the plaintiffs were proximately caused or contributed to by the fault of plaintiffs as defined by RCW 4.22.015.

55. By Way of FURTHER ANSWER and AS AN ADDITIONAL AFFIRMATIVE DEFENSE, the Defendant State alleges that the plaintiffs' injuries/damages, if any, were caused by intentional conduct of Jonathan Meline. The damages caused by the intentional conduct must be segregated from injuries/damages allegedly caused by the intentional conduct of Jonathan Meline pursuant to *Tegman v. Accident & Medical Investigations, Inc.*, 150 Wn.2d 102, 75 P.3d 497 (2003).

56. By Way of FURTHER ANSWER and AS AN ADDITIONAL AFFIRMATIVE DEFENSE, the Defendant State alleges that the injuries and/or damages being claimed were proximately caused by the fault of a party for whom this defendant is not responsible.

57. By Way of FURTHER ANSWER and AS AN ADDITIONAL AFFIRMATIVE DEFENSE, the Defendant State alleges that all actions of the defendant, State of Washington, herein alleged as negligence, manifest a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable.

DEFENDANT STATE OF
WASHINGTON, DEPARTMENT OF
SOCIAL AND HEALTH SERVICES'
ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

58.   By Way of FURTHER ANSWER and AS AN ADDITIONAL AFFIRMATIVE DEFENSE, the Defendant State alleges that the injuries and damages, if any, claimed by the plaintiffs herein, arise out of a condition of which plaintiffs/decedent had knowledge and to which plaintiffs/decedent voluntarily subjected themselves thereby assuming the risk of harm.

59.   By Way of FURTHER ANSWER and AS AN ADDITIONAL AFFIRMATIVE DEFENSE, the Defendant State alleges that the injuries and damages, if any, claimed by the plaintiffs were proximately caused or contributed to by the fault of nonparties over whom the defendant had no direct control or responsibility over, which nonparties are believed to be United Behavioral, Inc. and/or Optum Health Care Solutions, Inc.

60.   By Way of FURTHER ANSWER and AS AN ADDITIONAL AFFIRMATIVE DEFENSE, the Defendant State alleges that the plaintiffs' second amended complaint, inasmuch as it is based upon the alleged professional negligence of health care professionals, requires that the provisions of RCW 7.70, et seq. apply herein.

61.   By Way of FURTHER ANSWER and AS AN ADDITIONAL AFFIRMATIVE DEFENSE, the Defendant State alleges that the plaintiffs' claims are subject to and may be limited by RCW 4.20 et seq.

62.   By Way of FURTHER ANSWER and AS AN ADDITIONAL AFFIRMATIVE DEFENSE, the Defendant State reserves the right to include additional affirmative defenses, file cross-claims, counter-claims, and third party complaints as further facts and information become known and available through the course of this litigation.

## IX. PRAYER FOR RELIEF

WHEREFORE, Defendant State prays that plaintiffs' second amended complaint be dismissed with prejudice as to the State of Washington/DSHS and that plaintiffs take nothing by and that Defendant State be allowed its costs and reasonable attorney fees herein pursuant to all

DEFENDANT STATE OF
WASHINGTON, DEPARTMENT OF
SOCIAL AND HEALTH SERVICES'
ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

00047

pursuant to all applicable state law, including but not limited to RCW 4.84.010, RCW 4.84.185, and RCW 7.70.160.

DATED this 14th day of November, 2014.

ROBERT M. FERGUSON
Attorney General

JOSEPH M. DIAZ, WSBA #16170
OID #91023
Assistant Attorneys General
Attorneys for Defendant State

DEFENDANT STATE OF
WASHINGTON, DEPARTMENT OF
SOCIAL AND HEALTH SERVICES'
ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300