1          HONORABLE RONALD B. LEIGHTON

2

3

4

5

6
          UNITED STATES DISTRICT COURT
7          WESTERN DISTRICT OF WASHINGTON
          AT TACOMA
8

KIM MELINE, individually and as            Case No. 3:15-Cv-5780-RBL
9   Personal Representative of the Estate of
ROBERT MELINE;                           ORDER ON MOTIONS TO
10                                            REMAND
                    Plaintiff,
11

12          v.

OPTUMHEALTH CARE SOLUTIONS,              Dkt. #s 6 and 17
13   INC., a for-profit Minnesota corporation;
JEFFREY FONG, individually; TRACI
14   DRAKE; individually; and SANDRA
KARLSVIK, individually,
15
                    Defendants.
16

17          THIS MATTER is before the Court on Plaintiff Kim Meline's Motions to Remand. [Dkt.

18   #s 6 and 17]. Meline's son, Jonathan, is mentally ill. He has received healthcare from the State of

19   Washington for years, and was previously admitted to Western State. In October 2012, Jonathan

20   killed his father (Meline's husband), Robert. In 2014, Meline sued the State in state court for

21   negligently discharging Jonathan, and that action is proceeding. During discovery, Meline

22   learned that OptumHealth Care Solutions—a Minnesota corporation—contracted to manage and

23   coordinate Pierce County's crisis and psychiatric services. Optum also provided care to Jonathan.

24

Meline sued Optum in a second state lawsuit, alleging that it negligently managed Jonathan after his discharge. Optum timely removed the case on the basis of diversity jurisdiction.

The same day, in an effort to destroy diversity jurisdiction, Meline amended her complaint to add three Washington individual care providers—Fong, Drake, and Karlsvik. [Dkt. # 4]. Meline's first Motion is based on the presence of these non-diverse parties. She seeks remand so that this case can be consolidated with the earlier state court case arising from the same facts. [Dkt. #6].

Optum argues that the post-removal joinder of individual defendants is improper under 28 U.S.C. § 1447(e) because they are not necessary for adjudication of the existing claims and they were added solely to defeat diversity jurisdiction. It points out that § 1447(e) controls over Rule 15 in these circumstances, and that it gives the court discretion to deny joinder. Optum urges this Court to deny the joinder of the non-diverse defendants. It also argues that the individuals are "fraudulently joined" and asks the court to disregard their citizenship for the purposes of determining diversity jurisdiction.

Meline's second (operative) motion to remand [Dkt. # 17] is based on her proposed joinder of the State as a defendant in this second case. She argues that the State is a necessary party and that its presence in the case destroys diversity, without regard to the three individual defendants. Meline argues persuasively that it is more practical for all parties to try the case only once. She asks the court to permit her joinder of the State, and remand the entire case to state court so that it can be consolidated with the earlier case, and tried once.

## I.   DISCUSSION

**A.      Standard of Review.**

The Court has discretion to deny the post-removal joinder of non-diverse parties that would destroy diversity jurisdiction. 28 U.S.C. § 1447(e). The Court weighs six factors to determine whether such a joinder should be permitted:

> (1) whether the would-be defendants are necessary for just adjudication of the controversy, (2) whether the plaintiff still could bring an action in state court against the putative defendants, (3) whether there has been any unexplained delay in joinder, (4) whether it appears the plaintiff is seeking to destroy diversity, (5) the apparent merit of the claims against the new parties, and (6) whether plaintiff would suffer prejudice without the joinder of the defendants.

*Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1120 (N.D. Cal. 2006).

**B.      Meline's Joinder of the State is Proper.**

As an initial matter, the Court need not address the propriety of Meline's attempted joinder of the individual defendants. If the State is properly joined, the case will be remanded and the state court can address those claims. Meline argues that the State is properly joined under §1447(e), and that permitting joinder will avoid duplicative litigation. Optum argues that the § 1447(e) factors do not support the State's joinder any more than they supported the individual's joinder, and that it should therefore be denied.

The first factor is whether the State is a necessary party to Meline's case against Optum. Optum argues that it is not. A necessary party is one who has an interest in the controversy, and who ought to be made a party, so that the court may finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. *See CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir.1991) (citation and internal quotations omitted). A party is necessary when the failure to join him will lead to separate and redundant actions. *Id.* A

1  joint tortfeasor is not a "necessary" party within the meaning of Rule 19. *Forti v. Suarez-Mason*,

2  672 F. Supp. 1531, 1552 (N.D. Cal. 1987). Where a named defendant is likely to seek indemnity

3  and/or contribution from the would-be defendant, however, the first § 1447(e) factor weighs

4  heavily in favor of remand. *See Swinden v. Vanguard Grp., Inc.*, No. C 09-03816 SI, 2010 WL

5  532385, at *2 (N.D. Cal. Feb. 6, 2010).

6      The State and Optum are more than alleged joint tortfeasors in this case; they are both

7  likely to assert defenses against each other. *See* Dkt. #14, p. 47, ¶59. The evidence against both

8  defendants is likely to significantly overlap. Failure to join the State would lead to the sort of

9  separate and redundant actions that joinder is meant to prevent. And while Optum correctly

10  argues that the individual Defendants are not necessary to the just adjudication of this case, it

11  makes no such argument about the State. Therefore, the first § 1447(e) factor (necessity) weighs

12  strongly in favor of permitting joinder.

13      The second § 1447(e) factor is whether Meline could bring her claim against the State in

14  state court. Optum argues that Meline is free to continue its state court litigation against the

15  State. She does not have to sue the State and Optum together. But, Meline's current procedural

16  conundrum is the byproduct of attempting to bring claims against all the putative defendants

17  together. Without joinder, there will be two cases running concurrently in separate jurisdictions,

18  all with the same facts and overlapping issues. Considered alone, however, this factor

19  (availability of an alternate forum) weighs slightly against joinder.

20      The third § 1447(e) factor is whether the plaintiff's joinder motion was delayed without

21  explanation. Optum contends that Meline inexplicably delayed joining the State, even though her

22  attempt to do so was made less than a month after this case was filed.  Optum cites *McKown v.*

23  *Simon Prop. Grp., Inc.,* No. C08-5754BHS, 2009 WL 1110436 (W.D. Wash. Apr. 24, 2009), in

24

1   support, which involved a six week delay in joining the later defendant. Meline's delay was not

2   as long as the one at issue in *McKown,* and other district court opinions suggest that the sort of

3   delay at issue here is not fatal to joinder. *See, e.g., Aqua Connect, Inc. v.Code Rebel, LLC*, No.

4   CV 11-5764 MANX, 2012 WL 1535769, at *2 (C.D. Cal. Apr. 27, 2012) ("The Court finds that

5   the five-month delay in requesting for leave to amend is not an unreasonable amount of time.");

6   *see also Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (six weeks delay was not

7   unreasonable). Therefore, Optum is incorrect in claiming unexplained delay, and this factor

8   weighs in Meline's favor.

9         The fourth factor is (in this case) perhaps the most important factor: whether the plaintiff

10   is seeking to destroy diversity. Optum emphasizes that Meline concedes this is her motivation;

11   Meline points out that that is "no secret." Meline counters that her motivation is to try one case

12   rather than two, and joining the state is the only way to achieve that legitimate goal.

13   Nevertheless, this factor weighs against joinder.

14         The fifth factor is whether Meline's claims against the State are of merit. Optum argues

15   that Meline's claims lack merit because she has not alleged its wrongdoing in any of this case's

16   pleadings. It further argues that, even if Meline did state a claim, it must be dismissed under the

17   doctrine of claim splitting.

18         District courts retain broad discretion to control their dockets. *Adams v. California Dep't*

19   *of Health Servs*., 487 F.3d 684, 688 (9th Cir. 2007). Plaintiffs generally have "no right to

20   maintain two separate actions involving the same subject matter at the same time in the same

21   court and against the same defendant." *Id.* This does not forbid a plaintiff from proceeding on the

22   same cause of action in two different courts of concurrent jurisdiction at the same time, if

23   jurisdiction is in personam. *Walton v. UTV of San Francisco, Inc*., 776 F. Supp. 1399, 1401

24

1   (N.D. Cal. 1991). After weighing the equities of the case, the district court may exercise its

2   discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the

3   previously filed action, to enjoin the parties from proceeding with it, or to consolidate both

4   actions. *Id.*

5        Contrary to Optum's arguments, Meline has in fact stated a tenable claim against the

6   State so as to favor joinder. Meline in her second remand motion and second reply cited to the

7   amended state court complaint, which alleges that the State's actions "constituted gross

8   negligence and a breach of its duty of reasonable care and even slight care." Dkt. #14, p. 29, 10-

9   11. Unlike in its § 1447(e) arguments against joining the three mental health professionals,

10  Optum has not presented any evidence that suggests a claim against the State is implausible or

11  precluded. In fact, Optum describes the State as the "only active defendant" in the state case.

12  Furthermore, this Court need and will not dismiss Meline's claims under the doctrine of claim

13  splitting. Accordingly, Meline's potential claim against the State is of sufficient merit to weigh in

14  favor of joinder under the fifth factor.

15       The last factor is whether Meline will suffer prejudice if joinder is denied. Optum

16  contends that Meline will suffer no meaningful prejudice if forced to try her claims separately

17  and, even if she does, it will be the consequence of her own ill-conceived litigation strategy.

18  Meline stresses the significant prejudice that will result if joinder is denied, including the cost of

19  maintaining duplicative litigation, the threat of adverse collateral estoppel, and the prospect of

20  inconsistent judgments.

21       The Court agrees that Meline would suffer undue prejudice if forced to simultaneously

22  try these two cases. Optum argues that there will already be two "empty chair" defendants at the

23  state trial regardless of the outcome of this motion.  This postion is valid, but it does not consider

24

1   the additional prejudice Meline may suffer if she must try her claims with a third "empty chair."

2   Judicial economy and consistency concerns also warrant trying the claims simultaneously, even

3   if this procedural posture was the product of Meline's strategic decisions or errors. Therefore, the

4   final § 1447(e) factor (prejudice to the plaintiff) favors joinder here.

5       Meline's motion to join the State [Dkt. #17] is proper, and is GRANTED.

6       Optum argues that the State (like the individual defendants) was fraudulently joined, and

7   that its presence in the case does not destroy diversity. It claims that Meline has not stated a

8   cause of action against the State. Meline argues that she clearly has articulated claims against the

9   State, as set forth in her state court complaint.

10      Optum's fraudulent joinder argument might be persuasive if the issue related to the

11  individual defendants. But Optum cannot meet its burden of showing by clear and convincing

12  evidence that the State is fraudulently joined in this action. *See Hamilton Materials, Inc. v. Dow*

13  *Chem. Corp*., 494 F.3d 1203, 1206 (9th Cir. 2007). This claim is not sufficient to deny joinder,

14  or to retain diversity jurisdiction if the State is joined.

15                          **II.    CONCLUSION**

16      Meline's Motion to join the State [Dkt. # 17] is GRANTED, and the State's presence in

17  the case deprives this Court of diversity jurisdiction. Her second motion to Remand is therefore

18  GRANTED and the case is REMANDED to Pierce County Superior Court.

19      //

20      //

21      //

22      //

23

24

1    Meline's first motion to remand [Dkt. # 6] is denied as moot. The validity and necessity

2    of Meline's claims against the individual doctors is a matter best left to the state court.

3    IT IS SO ORDERED.

4    Dated this 9th day of February, 2016.

5

6    _____

7    Ronald B. Leighton
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24